# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RAMON J. JEANMARIE,<br>　　　　　Appellant, | DOCKET NUMBER<br>DA-3330-14-0445-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>　　　　　Agency. | DATE: March 20, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ramon J. Jeanmarie, El Paso, Texas, pro se.

Bernard J. Glavy, Esquire, Joint Base An Antonio, Randolph, Texas, for
　　the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to DENY the appellant's Veterans Employment Opportunities Act of 1998 (VEOA) claim on the merits rather than on jurisdictional grounds, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant applied for and was tentatively offered a position as a Firefighter with the agency. Initial Appeal File (IAF), Tab 5 at 54. After reviewing the appellant's responses on the Office of Personnel Management's (OPM's) Optional Form (OF) 306 (Declaration for Federal Employment), the agency withdrew its tentative offer of employment due to suitability issues identified in the appellant's responses. *Id.* at 20. The appellant appealed to the Board alleging that the agency failed to provide him with due process, including notice and an opportunity to respond, before the tentative job offer was withdrawn, and that the agency may have committed harmful procedural error. IAF, Tab 1. The appeal also alleged that the withdrawal of the tentative job offer may have been prohibited by the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) as a denial of retention in employment. IAF, Tab 5 at 5.

¶3    On July 23, 2014, the administrative judge issued a show cause order detailing the jurisdictional requirements for both a USERRA and VEOA claim. IAF, Tab 7.  On August 6, 2014, the appellant filed an objection to the administrative judge's show cause order, a motion for an extension of time to respond to the show cause order, a motion to compel discovery, a motion for a jurisdictional hearing, and a motion on jurisdiction.  IAF, Tab 8.  Within his objection to the show cause order, the appellant requested that the administrative judge provide him with notice regarding the jurisdictional requirements for a negative suitability action appeal.  *Id.* at 3.  The appellant's August 6, 2014 pleadings did not mention his USERRA claim or any claim cognizable under USERRA but did refer to a VEOA complaint he filed with the Department of Labor (DOL).  *Id*.

¶4    On August 8, 2014, the administrative judge issued an order that included a show cause order detailing the jurisdictional requirements for a negative suitability determination appeal and responded to the appellant's motions, denying his motion to compel discovery and granting him additional time to respond to the first show cause order on jurisdiction.  IAF, Tab 10.  On August 22, 2014, the appellant filed his response to both show cause orders.  IAF, Tab 13.  In it he states, "I don't think I have a viable VEOA or USERRA claim."  *Id.* at 4.  The administrative judge issued an initial decision on September 19, 2014, without holding a hearing, finding that the appellant had not met his burden of establishing jurisdiction over a negative suitability action, a USERAA claim, or a VEOA claim.  IAF, Tab 14, Initial Decision (ID).

¶5    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 4.  The appellant has filed a reply to the agency's response.  PFR File, Tab 5.

¶6    The Clerk of the Board sent a letter to the appellant acknowledging receipt of his petition, notifying him that his petition was not timely filed, and providing

him with time to file a motion for the Board to accept his untimely petition. PFR File, Tab 2. The appellant filed a motion for the Board to accept the untimely filing, stating that he had attempted to send his petition by fax on the date it was due but inadvertently sent blank pages. PFR File, Tab 3. In support of his motion, the appellant provided copies of fax transmission reports showing that a three-page fax was sent to the Board and the agency close to midnight on October 24, 2014. *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's motion for a waiver of the filing deadline for his petition for review is granted.</u>

¶7    A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision, or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e). Because the initial decision was issued on September 19, 2014, the petition for review was due by October 24, 2014. ID at 9. The appellant filed his petition for review on November 25, 2014. PFR File, Tab 1.

¶8    The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.12, 1201.114(f). A motion for the Board to waive the filing deadline for a petition for review for good cause must be accompanied by an affidavit or a sworn statement. 5 C.F.R. § 1201.114(g). The appellant failed to provide the affidavit or sworn statement required by 5 C.F.R. § 1201.114(g) with his motion, but did file a sworn statement with his reply, declaring under penalty of perjury that the content of his motion for the Board to accept his untimely filed petition for review was true and correct. PFR File, Tab 5 at 3. Although the appellant's motion failed to comply with the requirements of 5 C.F.R. § 1201.114(g), the Board may in its own discretion determine, based on the existing record, whether there was good cause for the untimely filing. 5 C.F.R. § 1201.114(g).

¶9    To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits, or unavoidable casualty, or misfortune, which similarly shows a causal relationship to his inability to timely file his petition. *Id.* Here, the pro se appellant has provided a reasonable excuse and shown that he exercised due diligence in attempting to timely file his petition by fax.

¶10    If a party can show that a submission was faxed to the Board it will be treated as filed on the date that it was faxed, regardless of whether the Board received it. *Odom v. U.S. Postal Service*, 67 M.S.P.R. 511, 513-14 (1995). The appellant submitted evidence that he attempted to fax his petition at 11:54 p.m. on the last day it could be timely filed, October 24, 2014. PFR File, Tab 3 at 2-5. The appellant asserts that the petition was not timely received because of his error in operating the fax machine. *Id.* Because the pro se appellant has submitted credible unrebutted evidence that he attempted to file his petition for review by fax on the day it was due, and the agency has not shown that it will be prejudiced by a waiver of the time limit to file this petition, *see Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980), we waive the filing deadline, *see, e.g.*, *Hunter v. Department of the Interior*, 79 M.S.P.R. 456, ¶ 8 (1998).

The withdrawal of a tentative job offer is not an appealable negative suitability action.

¶11    The Board has limited jurisdiction over certain matters involving suitability for federal employment pursuant to OPM's regulations at 5 C.F.R. Part 731. Generally an unsuccessful candidate for a federal civil service position has no

right to appeal his nonselection.  *Rodriguez v. Department of Homeland Security*, 112 M.S.P.R. 446, ¶ 8 (2009).  Denial of an appointment is not an appealable suitability action.  *Id.*, ¶ 9.  Nonselection for a specific position is also not an appealable suitability action, even if it is based on the criteria for making suitability determinations.  *Id.*  We have considered the appellant's arguments on review and find that the record supports the administrative judge's finding that no negative suitability action took place.  ID at 5-6.  A suitability determination by definition applies to more than one position.  5 C.F.R. § 731.101(b).  Here the agency's decision to withdraw the tentative job offer for a single position is not a suitability action appealable to the Board.  ID at 6.

¶12    The appellant argues that, pursuant to 5 C.F.R. § 732.301, he should have been given advance notice that the agency intended to withdraw the tentative job offer and an opportunity to respond to the proposed withdrawal prior to a final decision.  PFR File, Tab 1 at 4.  This regulation applies when an agency makes an adjudicative decision based on an OPM preappointment investigation for a national security position, 5 C.F.R. § 732.301, and is not applicable to the negative suitability action.  5 C.F.R. § 732.101.  OPM's suitability action regulations also provide that an individual must be given notice and a right to answer prior to the agency making a final decision, 5 C.F.R. §§ 731.302-731.303, 731.402-731.403, but we have found the appellant was not subjected to a suitability action under 5 C.F.R. Part 731, and those regulations were not applicable when the agency withdrew its tentative job offer.

The administrative judge erred in determining that the Board lacked jurisdiction over the appellant's VEOA claim.

¶13    To establish the Board's jurisdiction over a VEOA claim based on an alleged violation of veterans' preference rights, an appellant must:  (1) show that he exhausted his remedy with DOL; and (2) make a nonfrivolous allegation that (a) he is a preference eligible within the meaning of VEOA, (b) the action at issue took place on or after the October 30, 1998 enactment of VEOA, and (c) the

agency violated his rights under a statute or regulation relating to veterans' preference. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 6 (2008). An appellant need not state a claim upon which relief can be granted for the Board to have jurisdiction over a VEOA claim. *Id*. The Board has held that an allegation in general terms that an appellant's veterans' preference rights were violated is sufficient to meet the nonfrivolous allegation requirement. *Id.*, ¶ 7.

¶14    For the appellant to meet VEOA's requirement that he exhaust his remedy with DOL, he must establish that: (1) he filed a complaint with the Secretary of Labor; and (2) the Secretary of Labor was unable to resolve the complaint within 60 days or has issued a written notification that the Secretary's efforts have not resulted in resolution of the complaint. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 7 (2005). We find that the April 30, 2014 letter from DOL to the appellant establishes that the appellant meets the VEOA exhaustion requirement. IAF, Tab 8 at 17. There is no dispute that the nonselection at issue took place after the enactment of VEOA. Based on our review of the record, the appellant appears to be a preference eligible within the meaning of VEOA.[2] We find that, considering the whole record including the appellant's correspondence with DOL, he has nonfrivolously alleged that the agency violated his rights under a statute or regulation relating to veterans' preference. *See Elliott v. Department of the Air Force*, 102 M.S.P.R. 364, ¶ 8 (2009) (an allegation by an appellant, in general terms, that his veterans' preference rights were violated is sufficient to meet the nonfrivolous allegation requirement).

¶15    Although we modify the initial decision to find that the Board has jurisdiction over the appellant's VEOA claim, the appellant is not entitled to

---

[2] In addition to the appellant's declaration that he is an honorably discharged veteran who served 4 years on active duty, IAF, Tab 5 at 23, the vacancy announcement limits those eligible to apply to merit promotion candidates and applicants that are "VEOA eligible," *id.* at 56. The correspondence from the agency to the appellant regarding his tentative job offer refers to the position as "VEOA permanent." *Id.* at 54.

corrective action under VEOA. The Board has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law. *Haasz*, 108 M.S.P.R. 349, ¶ 9. A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009). A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party should that party's evidence be credited. *Id.* Here there are no genuine disputes of material fact.

¶16      The appellant's VEOA claim, as reflected in his correspondence with DOL, is that he was denied the right to compete for the position at issue. IAF, Tab 8 at 17, Tab 13 at 5. Preference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures. 5 U.S.C. § 3304(f)(1). An agency generally meets its obligation under 5 U.S.C. § 3304(f) when it accepts the veteran's application, reviews it to determine if the applicant is qualified for the position, includes the applicant's name on the certificate of eligible candidates, and forwards the application to the selecting official for consideration. *See Gingery v. Department of Veterans Affairs*, 114 M.S.P.R. 175, ¶ 9 (2010).

¶17      Here, the undisputed evidence establishes that the agency accepted the appellant's application, reviewed it, determined he was qualified, and tentatively offered him the position. IAF, Tab 5 at 54-55. The right to compete under 5 U.S.C. § 3304(f)(1) does not require that the veteran or preference eligible be considered at every stage of the selection process up to that process's final stage but does require that the individual be permitted to compete on the same basis as the other candidates. *Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 11

(2010). The same evidence establishing that an agency accepted and considered an applicant's application may indicate that he was permitted to compete under 5 U.S.C. § 3304(f)(1). *See Harellson*, 113 M.S.P.R. 534, ¶ 11. The Board may review the consideration given to an appellant's application to ensure that he was permitted to compete on the same basis as other candidates. *Cf. Phillips v. Department of the Navy*, 110 M.S.P.R. 184, ¶¶ 8-12 (2008) (finding that the agency's failure to consider all of the appellant's relevant experience may have violated his right to compete). There is no genuine dispute regarding the bases for the agency withdrawing the tentative job offer. The appellant's responses on the OF 306 revealed that he had been charged with criminal conduct and those responses were the bases for the agency withdrawing the tentative job offer. IAF, Tab 5 at 20-22. The agency giving consideration to the appellant's responses on the OF 306 is not a denial of the right to compete. Based on this evidence, we find that the agency did not deny the appellant his right-to-compete under VEOA.

The appellant has not shown that the Board has jurisdiction over his USERRA claim.

¶18 USERRA provides, in relevant part, that a person who has performed service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment on the basis of that performance of service. 38 U.S.C. § 4311(a). To establish the Board's jurisdiction over a USERRA discrimination claim arising under 38 U.S.C. § 4311(a), the appellant must allege the following: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty of obligation to perform duty in the uniformed service. *Wilson v. Department of the Army*, 111 M.S.P.R. 54, ¶ 8 (2009). It is well established that a claim of discrimination under USERRA should be broadly and

liberally construed in determining whether it is nonfrivolous, particularly where, as here, the appellant is pro se. *Id*., ¶ 9.

¶19     The statutory words "on the basis of . . . that . . . performance of service" refer back to the words "service in a uniformed service" mentioned earlier in that provision. *See McBride v. U.S. Postal Service*, 78 M.S.P.R. 411, 414-15 (1998) (citing 38 U.S.C. § 4311(a)). "Service in a uniformed service" means, in pertinent part, the "performance of duty . . . in a uniformed service." 38 U.S.C. § 4303(13); *McBride*, 78 M.S.P.R. at 414-15. Thus, for the purposes of an appeal to the Board, the statute proscribes the denial of initial employment based on a veteran's "performance of [military] duty," not the denial of initial employment based on a veteran's disability arising out of his performance of that duty. *McBride*, 78 M.S.P.R. at 415.

¶20     We agree with the administrative judge's finding that the appellant failed to allege that his nonselection was due to discrimination on the basis of his military service. ID at 8. Instead the appellant alleges that he was injured in a traffic accident on a military installation while serving on active duty, and the agency failed to take this injury into consideration in deciding to withdraw its tentative job offer. IAF, Tab 13 at 3. Because of the injuries he sustained in the accident, the appellant asserts that he was taking pain medication, "which had the sad side effect of creating changes in temperament." *Id.* The appellant believes that the side effects of the medication were responsible for the conduct that caused the agency to withdraw its tentative job offer. *Id.* An allegation of discrimination based on a disability arising from military service is not a claim cognizable under USERRA. *McBride*, 78 M.S.P.R. at 415. Therefore, we conclude that the administrative judge's determination that the Board lacks jurisdiction over the appellant's USERRA claim was proper.[3]

---

[3] Because the Board's jurisdiction over the appellant's appeal is limited to his VEOA claim, the Board lacks jurisdiction to adjudicate his disability discrimination claim. *See*

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

*Piirainen v. Department of the Army*, 122 M.S.P.R. 194, ¶ 12 (2015) (the Board's jurisdiction over VEOA claims does not extend to disability discrimination claims).

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____

                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.